```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| ARTHUR A. RALSTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 19-307-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN QUINTANA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

Arthur A. Ralston is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Ralston filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Ralston's petition.

In 2015, while Ralston was detained in the Fulton County Detention Center in Hickman, Kentucky, a federal grand jury charged him with (1) conspiracy to possess with the intent to distribute methamphetamine; (2) possession with the intent to distribute methamphetamine; (3) purchasing, owning, or possessing body armor after having been convicted of a violent felony; and (4) being a felon in possession of a firearm and ammunition. *See United States v. Ralston*, No. 5:15-cr-020, at R. 1 (W.D. Ky. 2015). Ralston was

then placed in federal custody pursuant to a writ of habeas corpus ad prosequendum, *see* R. 16, and his case moved forward.

Eventually, Ralston pled guilty to the four charges against him. *See id.* at R. 42. Then, on April 13, 2016, the United States District Court for the Western District of Kentucky sentenced Ralston to a total of 120 months in prison. *See* R. 57. Shortly thereafter, Ralston was returned to the custody of Kentucky state authorities, and the Western District of Kentucky's Judgment was filed as a detainer. *See* R. 90.

On April 28, 2016, Ralston was sentenced in state court to a term of imprisonment for "trafficking in a controlled substance–first degree" and "promoting contraband–first degree." *Id.* Ralston then began serving time in state custody and, on August 1, 2017, his state obligation was satisfied. *See id.* Therefore, Ralston was transferred to federal custody pursuant to the detainer, and he started serving his federal sentence.

Ralston now wants to receive credit against his federal sentence for the time he spent in state custody between April 28, 2016 and August 1, 2017. To date, the Bureau of Prisons (BOP) has not credited this time against Ralston's federal sentence and, thus, Ralston filed a § 2241 petition with this Court complaining about the way the BOP calculated his sentence. [R. 1].

Ralston's petition, however, is unavailing because he has not demonstrated that the BOP erred in calculating his sentence. Here,

the Western District of Kentucky's Judgment was silent on whether Ralston's federal sentence was to run concurrent with or consecutive to his anticipated state sentence, *see Ralston*, No. 5:15-cr-020, at R. 57, and the calculation of a federal prisoner's sentence is determined by 18 U.S.C. § 3585. That statute provides:

> (a)  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Here, the Western District of Kentucky sentenced Ralston on April 13, 2016. However, pursuant to § 3585(a), the BOP properly determined that Ralston's federal sentence did not commence until August 1, 2017, the date that he was received in federal custody. *See Ralston*, No. 5:15-cr-020, at R. 90. Moreover, Ralston did not receive credit against his federal sentence for the time he spent in state custody pursuant to § 3585(b) because Ralston's time in state custody was "credited against another sentence," his state

3

sentence. Thus, Ralston has not demonstrated in any clear way that the BOP erred in calculating his sentence.

Ralston nevertheless suggests that the Western District of Kentucky ran afoul of § 5G1.3(c) of the United States Sentencing Guidelines when it imposed its sentence. That provision provides that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . ., the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(c).

The Court understands Ralston's argument regarding U.S.S.G. § 5G1.3(c). After all, this issue came up recently in Ralston's underlying criminal case before the Western District of Kentucky, and, there, the United States said:

> It appears that U.S. Probation Officer Amanda (Wood) Henry, pursuant to Guideline Section 5G1.3(c), recommended a concurrent sentence. . . . While the undersigned is uncertain . . . as to the exact cause of the failure to state that the two sentences should run concurrently as recommended by the [Presentence Report], it certainly appears that it was a simple administrative oversight rather than a conscience decision to ignore the recommendation.

*See Ralston*, No. 5:15-cr-020, at R. 94.

Nevertheless, Ralston's argument and the United States' position on the matter does not warrant habeas relief under § 2241. That is because while a federal prisoner may challenge the legality of his sentence on direct appeal and in a motion to vacate pursuant

4

to 28 U.S.C. § 2255, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Ralston cannot use a § 2241 petition as a way of collaterally attacking the sentence imposed by the Western District of Kentucky.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate, among other things, that an intervening change in statutory law shows that his sentence was improperly enhanced. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Here, Ralston has not made such a showing. Instead, Ralston's argument—that the Western District of Kentucky violated U.S.S.G. § 5G1.3(c) when it imposed its sentence—is only appropriate on direct appeal and in a § 2255 motion.

Finally, the Court recognizes that "[t]he BOP is granted discretionary placement authority under 18 U.S.C. § 3621(b) to

designate the place of a federal prisoner's imprisonment" and, "[i]ncluded in this authority is the BOP's power to have a state facility designated *nunc pro tunc* as a place of federal confinement where a prisoner could gain credit against his federal sentence for the time he served there, effectively reducing the length of his federal sentence." *Davenport v. Ormond*, No. 6:16-cv-295-DCR, 2017 WL 4230400, at *3 (E.D. Ky. Sept. 20, 2017).

Ralston has requested such a *nunc pro tunc* or retroactive designation and, in turn, the BOP has contacted the Western District of Kentucky for its position regarding the matter. *See Ralston*, No. 5:15-cr-020, at R. 90. While the United States does not oppose a retroactive designation, *see id.* at R. 94, it appears that the Western District of Kentucky has not yet responded to the BOP's inquiry. [R. 1-6 (pointing out that "no response has been received from the court at this time")]. Ultimately, since both the Western District of Kentucky and the BOP are still considering Ralston's request for retroactive designation, Ralston has not demonstrated that he is entitled to habeas relief.

Accordingly, it is hereby **ORDERED** as follows:

1. Ralston's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 7th day of August, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge